Jose Luis Penalosa, Jr.
Penalosa & Associate, P.C.
Attorneys at Law
200 E. Mitchell Drive, #207
Phoenix, AZ  85012
Telephone (602)254-0877
Facsimile (602-)253-4061
 Jose.Penalosa@AzBar.Org.

David R. Schwartz – #009264
das@udallshumway.com
Jessica S. Sanchez - #24982
jss@udallshumway.com
Udall Shumway PLC
1138 North Alma School Road, #101
Mesa, AZ  85201
(480)461-5300
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| S.P., et al., | NO. 2:12-01193-JWS |
| Plaintiffs, | **SCHEDULING AND PLANNING CONFERENCE REPORT** |
| v. | |
| Scottsdale Unified School District, | |
| Defendants. | |

**I. Meeting.**

In accordance with Rule 26(f), Federal Rules of Civil Procedure, a meeting was held on Thursday, August 16, 2012 and Monday, August 20, 2012.   Attorneys Penalosa representing the Plaintiffs, and Attorneys Schwartz and Sanchez representing the Defendant, attended the meeting.

As a result of these meetings, the parties recommend the following:

II. **Disclosures**.

The information required by Fed. R. Civ. P. 26(a)(1):

A. _  Has been exchange by the parties.

B. X  Will be exchanged by the parties on or before Friday, August 31, 2012.

C. Preliminary witness list:

   1.  _ Have been exchange by the parties.

   2.  X Will be exchanged by the parties on or before Friday August 31, 2012.

III. **Contested Issues of Fact and Law**.

Preliminarily, the parties expect the following issues of fact and/or law to be presented to the Court:

**The Plaintiffs' Perspective-**

A. Whether the Defendant denied or failed to provide special educational services to S.P., a special education student, while she was a student at Redfield Elementary School?

B. Whether the Defendant's denial or failure to provide special educational services, while S.P. was a student at Redfield Elementary, amounts to a denial of FAPE?

C. Whether the Defendant's DPRC meeting, which occurred between August, 2009 and August, 2009, prior to S.P.'s IEP dated August, 2009 IEP meeting, and confirmation e-mail from Phylis Gapin, constitutes clear and convincing evidence that the Defendant "predetermined" S.P.'s special educational placement for the 2009-2010 school year?

D. Whether the Defendant's "pre-determined" placement decision for S.P. constitutes a denial of FAPE?

E. Whether the Defendant's "pre-determined" or "placement" offer constitutes a denial of FAPE where said offer did not include any "transportation" services as a related service?

**From the Defendant's Perspective-**

A. Whether and to what extent the Administrative Law Judge Decision is entitled to deference in this appeal under *C.M. ex rel. Jodi M. v. Department of Education, State of Hawaii*, 2012 WL 662197 (9th Cir 2012)?

B. Whether and to what extent any claims by Plaintiffs in the August 18, 2011 due process complaint were time barred under the two year limitation 34 C.F.R. § 300.507(a) and § 300.511 as determined in the Administrative Law Judge's Decision?

C. Whether and to what extent issues raised in the Complaint filed in District Court were not administratively exhausted?

D. Whether and to what extent issues raised in the due process complaint were waived in the administrative proceedings as determined by the Administrative Law Judge?

E. Whether the District's August 20-21, 2009 offer of placement for Student was predetermined before that meeting of the Individualized Education Plan team, including Plaintiffs? Whether the placement was predetermined at a DPRC meeting without the Plaintiffs and the full IEP team?

F. Whether the District's August 20-21, 2009 offer for Student's placement in a self-contained classroom at the Academic Learning Center failed to offer a free appropriate public education ("FAPE")?

G. Whether Plaintiffs are entitled to reimbursement for their unilateral placement of Student beginning September 4, 2009 at a private day school? Was the private day school an appropriate selection?

IV. **Discovery Plan**.

The parties propose to the Court the following discovery plan.

A. The parties expect that discovery will be needed on the following issues:

**From the Plaintiffs' Perspective:**

1. Depositions-The Plaintiffs will be scheduling depositions for Phyllis Gapin, Jan Brusca, Nicole Coliacova, Birgitte Lurie, and Lois Healey;

2. Interrogatories-The Plaintiffs will serve interrogatories upon the above-mentioned persons;

3. Requests for Admissions-The Plaintiffs will be serving Requests for Admissions upon the above-mentioned persons;

4. Subpoenas-The Plaintiffs will serve subpoenas for discovery purposes should that become necessary.

**From the Defendant's Perspective-**

This is an appeal from a decision by the Arizona Office of Administrative Hearing ("OAH") from a due process complaint filed under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Under the IDEA, this

district court receives the record from the administrative proceedings and is authorized to hear additional evidence at the request of a party. 20 U.S.C. § 1415(e)(2). The statutory provision for hearing "additional evidence" does not authorize witnesses at trial to repeat or embellish prior administrative testimony. *Ojai Unified School District v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993). Permissible reasons for supplementation are to fill gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of a evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. *Id*. at 1472-73. The Ninth Circuit has indicated a practical approach is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. *Id*. A district court "should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id*.

Plaintiffs have indicated they wish to depose Nicole Coliacova Kulesza, Birgit Lurie, Lois Healy (called by Plaintiffs as a witness to testify), Janet Brusca, and Phyllis Gapin. All of these District personnel, except only Gapin, testified at the hearing before OAH and were either examined or cross examined by Plaintiffs. Since the four witnesses were already examined about the pertinent issues, they are rebuttably foreclosed from being witnesses at trial in this Court and so their deposition is not reasonably calculated to lead to admissible evidence. Plaintiffs chose not to call Gapin

5

as a witness to the OAH hearing to question her about an e-mail she wrote, so the District believes she should not be allowed to testify at trial. However, since she was not testify, the District is willing to allow her to be deposed and the issue of her trial testimony can be briefed at a later date.

No interrogatories, requests for admissions, or subpoenas are necessary or appropriate in this limited appeal proceeding. The Plaintiffs cannot simply attempt to re-litigate the issues already determined because they did not like the result. Otherwise this action will simply devolve into a trial de novo, which is not permitted. *Id*.

B.  Are there issues about preserving discovery information?

_Yes __ No

At the present time, the parties do not know.

C.  Disclosure of discovery of electronically stored information should be handled as follows:

**From the Plaintiffs' perspective**

The Plaintiffs shall be requesting Phyllis Gapin's emails sent to or received from Jan Brusca, Nicole Coliacova, Lois Healey, and Birgit Lurie.

**From the Defendant's Perspective**

Any discovery must be tailored to deal only with the Student at issue, otherwise it will raise privacy and confidentiality issues under FERPA. The District already provided as part of the administrative proceedings the Student's educational records as required under the IDEA.

D.  Claims of privileges or of protection of trial preparation materials.

6

      1. X There is no indication that this will be an        issue.

      2. _ The parties have "not" entered into a confidentiality agreement.

      3. _The parties will submit their proposed confidentiality agreement on

          or before: N/A

E.  Disclosure of expert reports:

**From the Plaintiffs' Perspective**

The Plaintiffs have yet to explore the possibility of retaining and expert, and thus reserves the right to do so with the permission of the Court.   The Plaintiffs will accordingly provide the Court and the Defendant with timely information. Plaintiffs suggest that the date for expert disclosures should be April 12, 2013.

**From the Defendant's Perspective**

The District believes no experts are appropriate in this limited appeal proceeding. If Plaintiffs wanted an expert, they could and should have employed them and called them at the hearing in this matter.  The District does not intend to offer expert opinions unless Plaintiffs disclose any experts and their opinions. If experts are allowable in these proceedings, the District requests that Plaintiffs disclose any experts opinions first and thereafter within 30 days the District disclose any responsive experts.   So expert disclosures could begin starting  February 3, 2013 for Plaintiffs, the District's expert disclosures  March 5, 2013, and any rebuttal opinions on March 21, 2013.

      1. _By all parties on or before:(date)

      2. _By plaintiff(s) on or before:(date)

3. _By defendant(s) on or before:(date)

4. _Rebuttal reports on or before:(date)

F. Supplementation of disclosures and discovery responses under Fed. R. Civ. P.26(e):

1. At intervals of 30 days; and final supplements will be served and filed 30 days before the close of fact discovery.

2. As new information is acquired, but not later than 30 days before the close of fact discovery:

G. A final witness list disclosing all lay and expert witnesses whom a party may wish to call at trial will be served and filed: 30 days after the close of discovery.

H. Time for completing discovery:

1. Fact discovery will be completed on or before:(Date); April 12, 2013

2. Expert discovery will be completed on or before:(Date); April 12, 2013.

3. All discovery will be completed on or before:(Date). April 12, 2013

I. Limitation on discovery.

1. _ The limitations contained in Fed. R. Civ.P.26(b),30, and 33 will apply except as indicated below.

2. _ The maximum number of depositions by each party will not exceed (Not yet determined).

**From the Plaintiffs' perspective-**

8

The Plaintiffs will depose Jan Brusca, Nicole Coliacova, Birgit Lurie, Lois Healey, and Phyllis Gapin. Defense counsel and Plaintiffs' counsel have agreed to the deposition of Phyllis Gapin, but Defense counsel has indicated to the Plaintiffs that he will file a motion for a protective order should the Plaintiffs schedule the other four persons for a deposition.

**From the Defendant's Perspective-**

As explained above, the District objects without a showing of good cause to any deposition of witnesses who testified at the administrative hearing. The District requests this Court's guidance at this time as to the permissibility of deposing witnesses as it would affect the schedule for discovery. If the Plaintiffs cannot simply depose the witnesses because of the limited nature of this appeal proceedings, the amount of time for discovery could be significantly reduced. The below limitations assume that a deposition may occur.

    (a) Deposition will not exceed(3) hours to any deponent.

    (b) Deposition will not exceed(3) hours as to non-party deponents.

    (c) Depositions will not exceed(3) hours as to party deponents.

3.  _The maximum number of interrogatories posed by each party will not exceed twenty-five (25).

4.  _The maximum number of request for admission posed by each party will not exceed twenty-five (25).

5.  _Other limitation: Not known as of yet.

V. **Pretrial Motions**.

9

A   _Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days. _Yes _No (if yes, explain)

**From the Plaintiffs' Perspective-**

None

**From the Defendant's Perspective-**

A motion to dismiss a portion of Plaintiffs' due process claims based upon the statute of limitations was filed and granted in the administrative proceedings. The District plan would be to file a similar partially dispositive motion at an appropriate time.

B _ Motions subject to Fed. R. Civ. P. 56(b):

    1. _will be served and filed within the time specified in the applicable rules.

    2. _ Motions to amend pleadings or add parties will be filed not later than "thirty days before the close of discovery."

    3. _ Motions under the discovery rules will be filed not later than "no later than the close of discovery."

    4. _Motions *in limine* will be filed not later than

**From the Plaintiffs' Perspective-**

Not more than sixty (30) days before trial.

**From the Defendant's Perspective-**

Motions in limine would appear inappropriate since the matter is to be tried to the Court.  However, there may be motions relating to the admissibility of evidence as not qualifying as "additional" evidence permissible in this IDEA appeal and such motions should be filed at least 60 days before trial to allow for a full briefing.

6. _Dispositive motions(including motions for summary judgment) will be filed not later than   thirty (30) days after close of discovery.

VI. **Other Provisions**:

A   The parties (x) do (_) do not request a conference with the court before the entry of a scheduling order.(If the parties do request a conference prior to entry of the order, please explain):

The parties hereby a conference with the Court:  The parties request a conference with the Court to discuss and get a ruling, if possible, on the nature and extent of discovery and particularly depositions at such conference or the earliest time.

B.  The parties (_) do (x) do not consent to trial before a magistrate judge.  .

C.  The disclosure requirements of Fed.R.Civ.P.7.1, if applicable: "Not applicable."

7. _Have been complied with.

8. _Compliance will be accomplished on or before(Date)

D.  Early settlement/alternative dispute resolution.

1. _ Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution? _Yes (X) No If yes, explain (Explanation).

_ Do the parties wish to consider private mediation or settlement conference with a judicial officer of this court at a later date? (_) Yes (X) No.

11

E. The scheduling order will make provision for pretrial conferences, certificate of the case as ready for trial, and a final pretrial order.

VII.  **Trial**.

A. The case is expected to take ( 1 to 2 ) days to try.

B  A jury trial has been demanded. ( ) Yes (X) No

DATED:  August  22 , 2012.

PENALOSA & ASSOCIATES, P.C.


/s/ Jose Luis Penalosa, Jr.
Jose Luis Penalosa
200 E. Mitchell Drive, #307
Phoenix, AZ  85012
Attorneys for Plaintiffs


UDALL SHUMWAY PLC

/s/ David R. Schwartz
David R. Schwartz
Jessica S. Sanchez
1138 North Alma School Road, #101
Mesa, AZ  85201
Attorneys for Defendant

Original of the foregoing filed
electronically this 22nd day of August, 2012,
with the Clerk of the Court

3815341.1
13402.760