**UDALL SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Jessica S. Sanchez- #024982
jss@udallshumway.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| S.P., Student, By and Through Jose Luis Penalosa, Jr., and Nora F. Penalosa, Parents. <br><br> Plaintiffs, <br><br> v. <br><br> Scottsdale Unified School District, <br><br> Defendant. | **NO. CV 2:12-cv-01193-JWS** <br><br> **DEFENDANT'S MOTION TO STRIKE THE OPENING BRIEF OR THE REFERENCES TO MATTERS OUTSIDE THE ADMINISTRATIVE RECORD FILED BY PLAINTIFFS WITH THIS COURT** |

Defendant Scottsdale Unified School District ("District") hereby moves to strike the Opening Brief, filed February 18, 2013, or at least the citation and references to testimony, documentary, or other evidence which were not part of the administrative record filed by Plaintiffs with this Court for its review in this IDEA appeal.

Plaintiffs submitted a portion of the administrative record to this Court in Docket #22-30 and then moved for more time to complete the administrative record. (Docket #31) This Court granted Plaintiffs a 30 day extension for completing the administrative record[1] and, as a result, also extended for 30 days the time for filing of the Opening Brief. (Docket #32) Although given more time, Plaintiffs did not further supplement

---

[1] The administrative record was originally due by October 12, 2012. (Docket #17) So a 30 day extension would have been through November 12, 2012. This would have been 97 days before the filing of the Opening Brief.

the administrative record Plaintiffs wished for this Court to review in this IDEA appeal. (Docket)  Upon Plaintiffs' motion for a further extension of the Opening Brief (Docket #33), this Court granted Plaintiffs an extension for the Opening Brief, but made clear that the record before this Court was closed:

> The court also granted plaintiff's requested extension of time for filing additional record materials, together with an extension of time for filing of plaintiff's opening brief. The time has long since run for filing additional record materials, and plaintiff has not done so. Accordingly, the record is deemed complete. Plaintiff may not file any further materials to supplement the administrative record already on file.

(Docket #34)

The Opening Brief is ninety-six pages in length and not once does it reference where this Court could find any purported evidence in this Court's record.[2]  This was apparently done intentionally because the Opening Brief relies upon transcripts of testimony and administrative hearing exhibits which were never put into the record by Plaintiffs.  (Docket #22-30)  The transcripts were given to Plaintiffs by the Office of Administrative Hearings ("OAH") as reflected in Docket #22 and confirmed in the Plaintiffs' Motion for Extend the Deadline for Filing the Admin Record of Proceedings. (Docket #31, p. 1-2)  This is also borne out by the multitude of purported quotations of testimony attributed to transcript references.  (Opening Brief, p. 13-16, 26-33, 43-53, 57-62, 65-67, 69-71, 73-74, 76-85, 87-88)[3]  Yet, not a single page of the transcripts nor any of the actual exhibits admitted into evidence at the OAH hearing are part of this Court's record.  (See Docket #22-30)

Plaintiff should not be permitted to cite, reference, or rely upon alleged testimony and exhibits presented to OAH, where Plaintiff chose not to file the transcripts and hearing exhibits as part of this Court's record.  The failure to provide the OAH hearing

---

[2] The deposition of Phyllis Gapin and its 6 exhibits are included at Docket #21.
[3] There are also numerous vague references throughout the Opening Brief to testimony or purported facts, which could be based upon testimony or OAH hearing exhibits, which are not part of this Court's record.

2

transcripts and the exhibits presented to OAH and admitted into evidence by it, necessitates the dismissal of this appeal. *See e.g., In re Lark*, 2010 WL 6451889 (9th Cir. BAP 2010) (dismissing appeal where appellant debtor failed to obtain transcript of hearing to be reviewed); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (affirming dismissal of appeal because without a trial transcript, Wade's contentions challenging the lower court's findings of fact and conclusions of law are unreviewable). The four purported issues addressed in the Opening Brief, found on pages 2-3, require this Court to determine by reviewing the transcript of the hearing and the exhibits if the decision by OAH was correct.

For the foregoing reasons, this Court should either strike the entire Opening Brief (and direct a new brief be filed limited to evidentiary matters with citation to where the purported evidence is contained in this Court's record) or direct that any references in the Opening Brief be stricken and need not be addressed in the District's answering brief. This motion is filed in the desire to get this issue resolved before the District prepares its answering brief.

DATED: February 21, 2013.

**UDALL SHUMWAY PLC**

/s/ David R. Schwartz
David R. Schwartz
Jessica S. Sanchez
1138 North Alma School Road
Suite 101
Mesa, AZ  85201
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2012, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal to the following CM/ECF registrant:

Jose Luis Penalosa
Penalosa & Associates, P.C.
200 E. Mitchell Drive, Suite 307
Phoenix, AZ  85012
Jose.Penalosa@azbar.org
Attorneys for Plaintiffs


 /s/ Kimberly Kershner

892138.1 \February 21, 2013\
13402-760